IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM STOCK,

        Petitioner,

v.                                                  CIV 00-1193 MV/KBM

TERRY STEWART, WARDEN and
NEW MEXICO ATTORNEY GENERAL,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Respondents' Motion to Dismiss with Prejudice Stock's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254. *Doc. 9.* Having considered the arguments, pleadings, relevant law, and being otherwise fully advised, I find the motion to be well taken and recommend that it be granted.

### **Background**

In 1986, New Mexico authorities lodged a parole violation detainer warrant against Petitioner William Stock during his incarceration by Arizona authorities. Petitioner remains incarcerated in Arizona custody to this day. Stock contends that New Mexico's failure to take him into its custody and take action on the detainer during the past fourteen years violates his federal due process rights. On that basis, Stock asks that the State of New Mexico be directed to either lift the detainer or take Stock into custody and proceed on the detainer.

This claim cannot afford him relief in this federal habeas corpus proceeding, however.

The Supreme Court has held that due process safeguards including a prompt "preliminary hearing" followed by a revocation hearing within a reasonable time attach *after* the parolee is taken into custody by the paroling authority. *See Morrissey v. Brewer*, 408 U.S. 471, 488 (1972). Moreover, where Petitioner has been convicted of an intervening offense, the preliminary hearing is unnecessary because probable cause has already been established by the subsequent conviction. *See Moody v. Daggett*, 429 U.S. 78, 86 n. 7 (1976).

Thus, the law is clear that until Petitioner is taken into custody by New Mexico authorities, he has not been deprived of a liberty interest simply because the paroling authority has lodged a detainer with the institution in another state where he is incarcerated as a result of a subsequent crime. *See McDonald v. New Mexico Parole Bd.*, 955 F.2d 631 (10th Cir. 1991), *cert. denied,* 504 U.S. 920 (1992). Even if Petitioner were to contend that the unexecuted detainer warrant prejudices him in his ability to take advantage of various educational and rehabilitative programs offered by the incarcerating institution, his arguments are without merit. "[T]he Supreme Court has rejected the concept that these kinds of adverse consequences of state action trigger a due process concern." *Id.* at 64.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Respondents' Motion to Dismiss *(Doc. 9)* be granted and that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A**

**party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE